UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

STEVEN LAWRENCE BRICKNER,

    Debtor.

_____/

Chapter 13

Case No. 8:16-bk-974-CPM

**DEBTOR'S OBJECTION TO**
**CLAIM NO. 5 FILED BY KUMARI S. FULBRIGHT**

> **PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THIS MOTION, OBJECTION, OR OTHER MATTER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN THIRTY (30) DAYS FROM THE DATE SET FORTH ON THE PROOF OF SERVICE ATTACHED TO THIS PAPER PLUS AN ADDITIONAL THREE DAYS FOR SERVICE. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE COURT AT SAM M. GIBBONS UNITED STATES COURTHOUSE, 801 NORTH FLORIDA AVENUE, TAMPA, FLORIDA 33602, AND SERVE A COPY ON THE MOVANT'S ATTORNEY, MATTHEW B. HALE, ESQUIRE, STICHTER, RIEDEL, BLAIN & POSTLER, P.A., 110 E. MADISON STREET, SUITE 200, TAMPA, FLORIDA 33602 AND ANY OTHER APPROPRIATE PERSONS WITHIN THE TIME ALLOWED.**
>
> **IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT MAY SCHEDULE AND NOTIFY YOU OF A HEARING, OR THE COURT MAY CONSIDER THE RESPONSE AND MAY GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING. IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

STEVEN LAWRENCE BRICKNER (the "**Debtor**") by and through his undersigned attorney, hereby files this objection (the "**Objection**") pursuant to Federal Rule of Bankruptcy Procedure 3007 to Claim No. 5 (the "**Claim**") filed by Kumari S. Fulbright ("**Fulbright**"), and in support thereof states as follows:

    1.    The Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on February 5, 2016.

2. On May 25, 2016, Fulbright filed the Claim in the amount of $16,000.00 as an unsecured claim.

3. The Debtor objects to the Claim on the grounds that Claim lacks information sufficient to determine the legal basis of the Claim. The Claim states as the basis for the claim "bounced check – fraud." (Claim No. 5, ¶ 7.) If the claim is based on an alleged "bounced check," then a copy of the purported bounced check must be attached to the Claim. *See* Fed. R. Bankr. P. 3001(1). Further, aside from her conclusory statement, Fulbright alludes to no additional information upon which one could determine the validity of the purported debt.

4. Further, the Debtor maintains that he possesses valid defenses to any claims Fulbright may assert. However, to properly frame those defenses, the Debtor requires more information as to her specific allegations.

5. The Debtor reserves his rights to raise further objections as may be appropriate.

WHEREFORE, the Debtor respectfully requests that this Court enter an order sustaining this Objection, disallowing the Claim, and granting such other and further relief as may be just.

DATED: July 11, 2016

*/s/ Matthew B. Hale*
Matthew B. Hale
Florida Bar No. 110600
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
(813) 229-0144 – Phone
(813) 229-1811 – Fax
mhale@srbp.com
Attorneys for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the *Debtor's Objection to Claim No. 5 filed by Kumari S. Fulbright* has been furnished on this 12th day of July, 2016, by either the Court's CM/ECF electronic mail system or by U.S. Mail to:

Office of the U.S. Trustee
Jon Waage, Chapter 13 Trustee

Kumari S. Fulbright
8350 Savannah Trace Circle, Unit 1806
Tampa, FL  33615

*/s/ Matthew B. Hale*
Matthew B. Hale