UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

STEVEN LAWRENCE BRICKNER,

      Debtor.

_____/

Chapter 13

Case No. 8:16-bk-974-CPM

**DEBTOR'S OBJECTION TO
CLAIM NOS. 6 AND 7 FILED BY VFS LEASING CO.**

> **PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THIS MOTION, OBJECTION, OR OTHER MATTER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN THIRTY (30) DAYS FROM THE DATE SET FORTH ON THE PROOF OF SERVICE ATTACHED TO THIS PAPER PLUS AN ADDITIONAL THREE DAYS FOR SERVICE. IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE COURT AT SAM M. GIBBONS UNITED STATES COURTHOUSE, 801 NORTH FLORIDA AVENUE, TAMPA, FLORIDA 33602, AND SERVE A COPY ON THE MOVANT'S ATTORNEY, MATTHEW B. HALE, ESQUIRE, STICHTER, RIEDEL, BLAIN & POSTLER, P.A., 110 E. MADISON STREET, SUITE 200, TAMPA, FLORIDA 33602 AND ANY OTHER APPROPRIATE PERSONS WITHIN THE TIME ALLOWED.**
>
> **IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT MAY SCHEDULE AND NOTIFY YOU OF A HEARING, OR THE COURT MAY CONSIDER THE RESPONSE AND MAY GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING. IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

STEVEN LAWRENCE BRICKNER (the "**Debtor**") by and through his undersigned attorney, hereby files this objection (the "**Objection**") pursuant to Federal Rule of Bankruptcy Procedure 3007 to Claim Nos. 6 and 7 (the "**Claims**") filed by VFS Leasing Co. ("**VFS**"), and in support thereof states as follows:

    1.    The Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on February 5, 2016.

2. On June 8, 2016, VFS filed the Claims as unsecured claims in the amounts of $9,763.88 ("**Claim No. 6**") and $14,214.21 ("**Claim No. 7**," together with Claim No. 6, the "**Claims**").

3. VFS's Claims are based on certain equipment leases attached to the Claims (the "**Leases**") between VFS and DIAMAGS, INC. ("**Company**"). VFS alleges the Debtor was a guarantor under the Leases.

4. The Debtor objects to the Claims on the grounds that it is unclear from the documents attached to the Claims what they are based on. For example, the Claims do not indicate whether or when the Company defaulted on the Leases, or when the last payment on the Leases was made by the Company. The use of a "Stipulated Loss Factor" of "30.00" used to calculate the purported amounts owed under the Leases seems to indicate that the lease term was satisfied. (*See* Claim No. 6 at p. 5 of 14; Claim No. 7 at p. 5 of 10.)

5. Further, if the Claims are based on unsatisfied purchase options under the Leases, the Debtor objects because no evidence indicating the purchase options were exercised was attached to the Claims.

WHEREFORE, the Debtor respectfully requests that this Court enter an order sustaining this Objection, disallowing the Claims, and granting such other and further relief as may be just.

DATED: July 11, 2016

*/s/ Matthew B. Hale*
Matthew B. Hale
Florida Bar No. 110600
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida 33602
(813) 229-0144 – Phone
(813) 229-1811 – Fax
mhale@srbp.com
Attorneys for Debtor

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the *Debtor's Objection to Claim Nos. 6 and 7 filed by VFS Leasing Co.* has been furnished on this 12th day of July, 2016, by either the Court's CM/ECF electronic mail system or by U.S. Mail to:

Office of the U.S. Trustee
Jon Waage, Chapter 13 Trustee

VFS Leasing Co.
Attn: Bettye Carr, Bankruptcy & Litigation Specialist
7025 Albert Pick Rd., Suite 105
Greensboro, NC  27409

                                                                         */s/ Matthew B. Hale*
                                                                         Matthew B. Hale