UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Chapter    13

STEVEN LAWRENCE BRICKNER,

Case No. 8:16-bk-974-CPM

Debtor.

_____/

**DEBTOR'S OBJECTION TO
CLAIM NO. 8 FILED BY THE FLORIDA DEPARTMENT OF REVENUE**

> **PURSUANT TO LOCAL RULE 2002-4, THE COURT WILL CONSIDER THE RELIEF REQUESTED IN THIS PAPER WITHOUT FURTHER NOTICE OR HEARING UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 30 DAYS FROM THE DATE SET FORTH ON THE ATTACHED PROOF OF SERVICE, PLUS AN ADDITIONAL THREE DAYS FOR SERVICE IF ANY PARTY WAS SERVED BY U.S. MAIL.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED IN THIS PAPER, YOU MUST FILE A RESPONSE WITH THE CLERK OF THE COURT AT SAM M. GIBBONS UNITED STATES COURTHOUSE, 801 NORTH FLORIDA AVENUE, TAMPA, FLORIDA 33602, AND SERVE A COPY ON THE MOVANT'S ATTORNEY, MATTHEW B. HALE, ESQUIRE, STICHTER, RIEDEL, BLAIN & POSTLER, P.A., 110 E. MADISON STREET, SUITE 200, TAMPA, FLORIDA 33602 AND ANY OTHER APPROPRIATE PERSONS WITHIN THE TIME ALLOWED. IF YOU FILE AND SERVE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL EITHER SCHEDULE AND NOTIFY YOU OF A HEARING, OR CONSIDER THE RESPONSE AND GRANT OR DENY THE RELIEF REQUESTED WITHOUT A HEARING.**
>
> **IF YOU DO NOT FILE A RESPONSE WITHIN THE TIME PERMITTED, THE COURT WILL CONSIDER THAT YOU DO NOT OPPOSE THE RELIEF REQUESTED IN THE PAPER, WILL PROCEED TO CONSIDER THE PAPER WITHOUT FURTHER NOTICE OR HEARING, AND MAY GRANT THE RELIEF REQUESTED.**

STEVEN LAWRENCE BRICKNER (the "**Debtor**") by and through his undersigned attorney, hereby files this objection (the "**Objection**") pursuant to Federal Rule of Bankruptcy Procedure 3007 to Claim No. 8 (the "**Claim**") filed by the Florida Department of Revenue (the "**DOR**"). In support of this Objection, the Debtor states as follows:

1.      The Debtor filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on February 5, 2016.

2.      On February 8, 2016, the Court issued its standard Notice of Chapter 13 Bankruptcy Case (Official Form 309I) (Doc. No. 5) (the "**Notice of Bankruptcy Case**"), which set forth a June 13, 2016 deadline for all creditors except governmental units to file a proof of claim.  The Notice of Bankruptcy Case set the deadline for governmental units to file a proof of claim at 180 days from the date of filing, which falls on **August 8, 2016**.

3.      The DOR was served a copy of the Notice of Bankruptcy Case by the BNC.  (*See* Certificate of Notice, Doc. No. 10.)

4.      On March 22, 2017—*eight-and-a-half months past the applicable claims deadline*—the DOR filed its Claim, asserting a claim for $25,898.38 purportedly based on unpaid sales tax attributable to an entity called "Country Corner Cafe LLC" (the "**Café**").  (*See* Claim, Part 2.)

5.      The Debtor formerly managed an entity called Valworth Enterprises, LLC ("**Valworth**").  Beginning in January 2012, the Debtor and Valworth became embroiled in litigation in the Hillsborough County Circuit Court (the "**State Court**") with Earnest Graham and Carnell Williams regarding their interests in Valworth and disputes related to the management of Valworth (the action hereinafter referred to as the "**Valworth Case**").

6.      On February 16, 2012, the State Court entered an order in the Valworth Case appointing a receiver (the "**Order Appointing Receiver**," a copy of which is attached hereto as **Exhibit A**) over Valworth and 17 other entities "operated, controlled or otherwise associated with VALWORTH's activities" (Order Appointing Receiver, at pp. 1–2).

7.      The Order Appointing Receiver appointed Larry S. Hyman, CPA as receiver (the "**Receiver**") over these entities.

8.    The Café was included in the entities over which the Receiver was granted authority.  (Order Appointing Receiver, at ¶4.)

9.    After the February 2012 entry of the Order Appointing Receiver, the Debtor had no ability to exercise any authority over the bank accounts or business affairs of the Café.

10.    On May 25, 2012, the Receiver filed a Motion for Authority to Sell Assets of Valworth Enterprises, LLC; Notice of Auction, Bid Procedures and Hearing on Any Objections (the "**Receivership Sale Motion**," a copy of which is attached hereto as **Exhibit B**.)  Exhibit A to the Receivership Sale Motion listed the assets to be sold, which included "All assets of Country Corner Café, LLC".

11.    On June 28, 2012, the State Court entered an order granting the Receivership Sale Motion, and the Café assets were sold by the Receiver to Mr. Graham and Mr. Williams.  (*See* Order Granting Motion for Authority to Sell Assets of Valworth Enterprises, LLC; Notice of Auction, Bid Procedures, attached hereto as **Exhibit C**.)

### Relief Requested and Basis for Relief

The Debtor asks the Court to disallow the DOR's Claim.  The clearest basis to disallow the Claim is its tardiness—the Claim was filed *eight-and-a-half months* after the governmental claims bar date.  Further, the Claim appears to be based on liability for unpaid sales tax stemming from an entity, Country Corner Cafe, LLC, that was in receivership during the applicable time period. The Debtor had no duty, ability, or authority to direct payments for sales tax owed by the Café.

The claims allowance process set forth in § 502 of the Bankruptcy Code[1] typically provides that a proof of claim is deemed allowed unless an interested party objects.  *See* 11 U.S.C. § 502(a). But subsection (b) of § 502 provides several exceptions to "deemed allowance" of filed claims.

---

[1] "Bankruptcy Code" or "Code" refers to 11 U.S.C. § 101, *et seq.*

Among these exceptions is § 502(b)(9), which excepts from allowance any claim for which a "proof of claim is not timely filed."  11 U.S.C. § 502(b)(9).

The DOR did not file its Claim timely.  The DOR received notice of the Debtor's bankruptcy case (and the claims bar date) on February 11, 2016.  (*See* BNC Certificate of Mailing, Doc. No. 10.)  The governmental claims bar date was August 8, 2016, but the DOR didn't file its Claim until March 22, 2017, over eight months past the bar date.  The Claim sets forth no reason for the late filing.  Thus, under the terms of § 502(b)(9), by operation of law the Claim should not be allowed.  But to minimize the chance of further delay of confirmation of the Debtor's plan, the Debtor filed this Objection.

Although the DOR offered no explanation for the tardiness of its Claim, the Debtor adds that "excusable neglect" would not provide a basis to consider the DOR's Claim timely filed.  The Sixth Circuit Bankruptcy Appellate Panel recently summarized the operation of the various bankruptcy rules on this point:

> Bankruptcy Rule 3002 sets the time to file proofs of claim in chapter 7, 12, and 13 cases and Rule 3002(c) defines a timely-filed claim by a non-governmental creditor as one filed "not later than 90 days after the first date set for the meeting of creditors." Fed. R. Bankr.P. 3002(c). Bankruptcy Rule 9006(b)(1) provides for the allowance of late-filed claims due to "excusable neglect." However, this Rule is not applicable to deadlines set by Rule 3002(c). Fed. R. Bankr.P. 9006(b)(3). Thus, to the extent that the bankruptcy court allowed the late-filed claims under Rule 9006(b)'s excusable neglect exception, this order shall be reversed.

*In re Tench*, No. 15-8026, 2016 WL 2858792, at *3 (B.A.P. 6th Cir. May 11, 2016); *cf. Pioneer Investment Services Co. v. Brunswick Assocs. Lts. P'ship*, 507 U.S. 380, 389, 389 n.4 (1993) ("The 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases.").

As explained by the court in *Tench*, Bankruptcy Rule 9006(b)(3) provides that the only bases for enlarging the claims deadline in chapter 13 cases are found in Bankruptcy Rule 3002(c). None of the six enumerated reasons apply to this case. Accordingly, the Debtor asks the Court to disallow the DOR's Claim as untimely filed.

Even if the DOR were somehow able to proffer a legally viable reason for the Court to accept its late-filed claim, the Debtor objects to the substance of the Claim. The Claim for supposedly unpaid sales tax covers a period where the Receiver, or perhaps the purchaser of the Café's assets, had all authority and control over the Café and the consequent obligation to pay taxes arising from such authority and control.

The Order Appointing Receiver provides that the Receiver was to "marshal, preserve, protect, maintain, manage and safeguard the assets of VALWORTH and its Subsidiaries and Affiliated Entities [of which the Café is included] in a reasonable, prudent, diligent, and efficient manner." (Order Appointing Receiver ¶ 5.) Surely such obligations include payment of applicable sales tax. The order also provided the Receiver with possession of all business records and bank accounts (¶ 5(a)), and provided the Receiver with the "exclusive right to pursue, collect and control all monies belonging to or otherwise generated by VALWORTH and its Subsidiaries and Affiliated Entities, and shall have the exclusive right to make payments and disbursements from VALWORTH and its Subsidiaries and Affiliated Entities' bank accounts, including rents, accounts payable, expenses, costs of merchandise or equipment, payroll and ***taxes*** . . . ." (*Id.* at ¶ 5(b).)

The DOR's Claim covers a period, January through October 2012, where pursuant to the Order Appointing Receiver, the Receiver had the *exclusive* right to make payments and disbursements for taxes on account of the Café. The DOR should have looked to the Receiver and the State Court for payment of the taxes sought in the Claim. Or perhaps, for the period after the

Café assets were sold, the DOR should have looked to the purchaser.  But either way, the DOR cannot now look to the Debtor.  The Claim should be disallowed.

To conclude, the Debtor asks the Court to disallow the Claim under 11 U.S.C. § 502(b)(9) as a late-filed claim.  Alternatively, the Debtor asks the Court to disallow the Claim on its merits. In light of the receivership, the Debtor had no authority or ability to pay the taxes claimed for the Café.

WHEREFORE, the Debtor respectfully requests that this Court enter an order sustaining this Objection, disallowing the Claim, and granting such other and further relief as may be just.

DATED: May 2, 2017

*/s/ Matthew B. Hale*
Matthew B. Hale
Florida Bar No. 110600
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
(813) 229-0144 – Phone
(813) 229-1811 – Fax
mhale@srbp.com
Attorneys for Debtor

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the *Debtor's Objection to Claim No.*

*8 Filed by the Florida Department of Revenue* has been furnished on this 2nd day of May, 2017,

by either the Court's CM/ECF electronic mail system or by U.S. Mail to:


Office of the U.S. Trustee
Jon Waage, Chapter 13 Trustee

State of Florida – Department of Revenue
c/o Don Kiester, Esq.
PO Box 2299
Mango, FL 33550-2299


*/s/ Matthew B. Hale*
Matthew B. Hale

IN THE CIRCUIT COURT OF THE
THIRTEENTH JUDICIAL CIRCUIT IN
AND FOR HILLSBOROUGH COUNTY,
FLORIDA

VALWORTH ENTERPRISES, LLC, )
a Florida limited liability company, and )
STEVEN L. BRICKNER, )
)  CASE NO.: 2012-CA-001245
)
)
)
            Plaintiffs, )
)
-vs- )
)
EARNEST GRAHAM, JR., )
)
            Defendant. )
)
EARNEST GRAHAM, JR., )
)
            Counter-Plaintiff, )
)
-vs- )
)
STEVEN L. BRICKNER, )
VALWORTH ENTERPRISES, LLC, )
a Florida limited liability company )
)
            Counter-Defendants. )

## ORDER APPOINTING RECEIVER

This matter came on before the Court, on February 16, 2012, upon the

Defendant/Counter-Plaintiff EARNEST GRAHAM, JR.'S (hereinafter "GRAHAM") Motion To

Appoint A Receiver Over Valworth Enterprises, LLC, Or In The Alternative, Motion For

Temporary Injunctive Relief (Incorporating Memorandum Of Law), joined in by CARNELL L.

WILLIAMS (hereinafter "WILLIAMS"), against Plaintiff/Counter-Defendants STEVEN L.

BRICKNER ("BRICKNER") and VALWORTH ENTERPRISES, LLC, a Florida limited

liability company ("VALWORTH"), pursuant to Section 608.449(2), *Florida Statutes,* Section

608.4492, *Florida Statutes,* and Rules 1.610 and 1.620, *Florida Rules of Civil Procedure.*

PD.6018257.1

1

# EXHIBIT A

Being advised that the parties have stipulated to the entry of the following order, the Court does hereby,

ORDER AND ADJUDGE the following:

1.    Appointment:  Larry S. Hyman, CPA, of Larry S. Hyman, C.P.A., P.A., or his designee employed by Larry S. Hyman, C.P.A., P.A., is appointed the Receiver of VALWORTH and all other entities operated, controlled or otherwise associated with VALWORTH'S activities, which subsidiaries and affiliated entities are described in paragraph 4, below (the "Subsidiaries and Affiliated Entities"), and shall serve until further Order of this Court.

2.    Oath:  Within two (2) business days from the entry of this Order, the Receiver shall file with this Court an Oath of Receiver accepting the appointment and agreeing to faithfully discharge his duties, any subsequent directives by this Court, and applicable law.

3.    Bond:  The Receiver appointed by this Order is hereby authorized and directed to commence his duties hereunder immediately upon entry of this Order.  Within five (5) business days from the entry of this Order, the Receiver shall file proof of the existence of his surety bond in the amount of $60,000 to secure the faithful performance of his duties.

4.    VALWORTH'S Subsidiaries And Affiliated Entities are listed below, but this list is without prejudice to the Receiver making a determination or the filing by any party or other person of a petition with this Court to determine whether such entity is a subsidiary of VALWORTH:

Name

1.    AES Enterprises, LLC
2.    Country Corner Café, LLC
3.    LAC Enterprises, LLC
4.    LaidBack Limos, LLC
5.    Nature Coast Service Corporation (but only to the extent of any assets, including those in any account of such entity, that were transferred to

VALWORTH)
6. NT2 Financial, LLC
7. NT2 Fund, LP
8. Q Man Enterprises, LLC
9. Silvester Enterprises, Inc. (but only to the extent of any assets, including those in any account of such entity, that were transferred to VALWORTH)
10. Studio34 Music, LLC
11. TMG Productions, LLC
12. Tohlih Music Group LLC
13. Valiant Insurance Group, LLC
14. Value Transport, LLC
15. Valued Ventures, LLC
16. ValWorth Financial Group LLC
17. ZAA Enterprises, Corporation

5.    <u>Duties of Receiver</u>:  The Receiver shall marshal, preserve, protect, maintain, manage and safeguard the assets and business of VALWORTH and its Subsidiaries and Affiliated Entities in a reasonable, prudent, diligent, and efficient manner.  Property in the custody of the Receiver or property to which the Receiver has the right to custody shall not be subject to execution or similar process.  The Receiver shall be vested with the usual powers and duties of equity Receivers in like cases, and is hereby authorized and instructed to take possession of and control over the business and assets; and, without limitation of any kind as to his general duties, the Receiver shall have at least the following specific duties and responsibilities:

a.    <u>Business Offices and Accounts</u>.  The Receiver shall take possession of, and shall have the unfettered right of access at all times to the business offices of VALWORTH and its Subsidiaries and Affiliated Entities wherever located, including the contents of such offices belonging to said entities.  The Receiver shall also forthwith take possession and control over all bank, financial and custodial accounts of VALWORTH and its Subsidiaries and Affiliated Entities.

b. <u>Revenues</u>. Commencing immediately, the Receiver shall collect all the receipts, revenues, deposits, receivable, notes and other funds generated by, from or due to VALWORTH and its Subsidiaries and Affiliated Entities. All sums marshaled shall be deposited with a state or federally chartered financial institution. Any party hereto having possession of any monies belonging to or otherwise generated from the customers and business operations of VALWORTH and its Subsidiaries and Affiliated Entities shall immediately turnover said monies to the Receiver. The Receiver shall have the exclusive right to pursue, collect and control all monies belonging to or otherwise generated by VALWORTH and its Subsidiaries and Affiliated Entities, and shall have the exclusive right to make payments and disbursements from VALWORTH and its Subsidiaries and Affiliated Entities' bank accounts, including rents, accounts payable, expenses, costs of merchandise or equipment, payroll and taxes and other assessments, and insurance premium payments and refunds. To the extent any party has been collecting said revenues, said party or parties shall cease from any further collection or receipts of revenues generated from the customers and operations of VALWORTH and its Subsidiaries and Affiliated Entities.

c. <u>Assets, Including Computers, Software Programs and Motor Vehicles</u>. The Receiver shall forthwith take possession of all assets of VALWORTH and its Subsidiaries and Affiliated Entities wherever located, including computers, QuickBooks and other software programs, and all motor vehicles titled in, or otherwise leased by, VALWORTH and its Subsidiaries and Affiliated Entities.

d. <u>Insurance</u>. The Receiver shall maintain appropriate insurance for VALWORTH and its Subsidiaries and Affiliated Entities, its premises, assets, and/or its merchandise, if appropriate in the Receiver's sole discretion.

PD.6018257.1

e.    Bank Accounts.    As the Receiver may deem necessary, and effective immediately upon this Order, the Receiver may establish and maintain, at a bank or banks whose deposits are federally insured, operating accounts for the Receivership into which the Receiver shall deposit all receipts or revenues from VALWORTH and its Subsidiaries and Affiliated Entities. Amounts on deposit in all accounts, including but not limited to in any bank, financial institution, or brokerage account, and/or as a retainer previously paid, and/or in bank accounts at Fifth Third Bank may be transferred to such accounts as the Receiver may deem appropriate without further Order of this Court; or in the alternative, in the Receiver's discretion, upon taking custody of any such existing accounts, the Receiver may elect to continue to utilize those accounts for purposes established by this Order. All safety deposit boxes, if any, shall also be transferred to the Receiver without further Order of this Court. The Receiver is authorized to disburse regularly and punctually (to the extent available), all amounts hereafter due and payable as reasonable, necessary and proper operating expenses and obligations of the Receivership, subject to the terms of this Order.

f.    Expenses: The Receiver shall pay from VALWORTH and its Subsidiaries and Affiliated Entities' funds for the expenses incurred by him in the conservation, protection and management of the assets and business of said entities.

g.    Maintenance of Assets: The Receiver shall enter into any and all service contracts necessary to keep, maintain and protect the assets.

h.    Checks: The Receiver shall endorse all checks and drafts now or hereafter made payable to VALWORTH and its Subsidiaries and Affiliated Entities concerning such accounts receivable, deposits, rents, income, profits, and revenues.

i.    Mail/Electronic Mail/Telephone: The Receiver shall open all mail in connection with the assets or businesses of VALWORTH and its Subsidiaries and Affiliated

Entities. The Receiver shall also have full and unfettered access to all servers, electronic mail and telephone systems of VALWORTH and its Subsidiaries and Affiliated Entities; provided, however, that electronic mail that is unrelated to the assets or business of VALWORTH and its Subsidiaries and Affiliated Entities, and electronic mail between any of the parties and their counsel relating to the instant dispute or any other dispute unrelated to VALWORTH, shall not be released by the Receiver to any person except upon Court order after determination of any applicable privilege or other objection. To the extent of any question concerning the confidentiality or privilege of any electronic mail, the Receiver shall consult with the party to the electronic mail or his/her counsel, and may thereafter apply to the Court for an in camera inspection and ruling on the issue.

        j.    <u>Recovery of Assets</u>.   The Receiver is specifically authorized and empowered to file suit against any person(s) or entity(s) to recover property of VALWORTH and its Subsidiaries and Affiliated Entities including, but not limited to, fraudulent conveyances and other claims and causes of action of VALWORTH and its Subsidiaries and Affiliated Entities.

        k.    <u>Claims</u>: If deemed appropriate, the Receiver may establish procedures for creditors of VALWORTH and its Subsidiaries and Affiliated Entities to file claims. The Receiver shall examine the validity and priority of all claims against VALWORTH and its Subsidiaries and Affiliated Entities, which claims shall be finally determined by this Court.

        l.    <u>Abandonment of Assets</u>:  The Receiver may abandon assets to duly perfected secured or lien creditors where, after due investigation and notice to parties in interest, he determines that VALWORTH and its Subsidiaries and Affiliated Entities have no equity in such assets or such assets are burdensome to the estate or are of inconsequential value and harmful to VALWORTH and its Subsidiaries and Affiliated Entities; provided, however, that the

Receiver may not dispose of or abandon any asset which is subject to a lease or loan obligation that is personally guaranteed by any party hereto or employee of VALWORTH and its Subsidiaries and Affiliated Entities without the express written consent of the guarantor, or further order of the Court.

      m.    <u>Supplemental Proceedings</u>:

      (1)    The Receiver is specifically authorized, empowered, and has standing to bring Supplemental Proceedings as follows:

      i.    Any action to recover money or other assets of VALWORTH and its Subsidiaries and Affiliated Entities;

      ii.    Any action to determine the validity, priority or extent of a lien or other interest in property or to subordinate or avoid an unperfected security interest;

      iii.    Any action to pursue claims and/or causes of action on behalf of VALWORTH and its Subsidiaries and Affiliated Entities and/or any creditor of VALWORTH and its Subsidiaries and Affiliated Entities;

      iv.    Any action to avoid any conveyance or transfer void or voidable by applicable law; and

      v.    Any other action or actions as may be authorized or directed by further Order of this Court.

      (2)    A supplemental proceeding is an action-of-the-law designated in paragraphs (i), (ii), (iii) and (iv), above, and shall be brought as follows:

      i.    The Florida Rules of Civil Procedure shall apply to all proceedings, except where inconsistent with the provisions of this Order;

   ii.  The Clerk of the Court shall docket a supplemental proceeding under this matter's case number, and a separate supplemental proceeding number, and shall assign such supplemental proceeding to this Court's jurisdiction;

   iii.  All pleadings and other papers filed in a supplemental proceeding shall contain a separate sub-caption and the supplemental proceeding number in addition to the caption and the case number applicable to the main case.

   (3) By this authorization and empowerment, this Court specifically determines that the Receiver is not prohibited and shall not be barred from bringing any supplemental proceeding due to the doctrine of *pari delicto*.

   n. <u>General Powers</u>: The Receiver shall exercise all other powers and rights necessary to manage, protect and preserve the Assets and the businesses of VALWORTH and its Subsidiaries and Affiliated Entities.

  6. <u>Cooperation</u>: BRICKNER, GRAHAM, WILLIAMS, VALWORTH and its Subsidiaries and Affiliated Entities, and their officers, agents, partners, members, servants, employees, and transferees shall cooperate fully with the Receiver and comply with Receiver's requests for information, records and documentation so that Receiver may perform his duties with full information and knowledge. The parties to this action shall not interfere with or hinder the operations of Receiver, but shall maintain any legal rights with respect to this action, the Receiver and the Receivership.

  7. <u>Possession of Property</u>:

   a. The Receiver shall immediately take possession and control of all of the assets of VALWORTH and its Subsidiaries and Affiliated Entities whether such property is held by any other person or entity, directly, beneficially or otherwise. The term "assets" shall include files, records, documents, monies, leases, mortgages, securities, investments, contracts, effects,

lands, agreements, judgments, bank accounts, books of account, investment accounts, choses-in-action, goods, motor vehicles, chattels, rights, credits, claims both asserted and unasserted, files and documents, and all other property, whether real, personal or mixed, belonging to VALWORTH and its Subsidiaries and Affiliated Entities. The Receiver shall retain custody and control of all of the foregoing pursuant to the terms of this Order. The Receiver shall file an inventory of the assets of VALWORTH and its Subsidiaries and Affiliated Entities within sixty (60) days of the date of this Order.

(b)     The parties, their attorneys and accountants, and all other persons, entities or corporations now or hereafter in possession of any of the foregoing assets, records or documents, or any part thereof, or any other of the items intended by the Court to be entrusted to the Receiver, shall forthwith and without further Order of the Court surrender said items to the Receiver. The Receiver shall maintain custody of the records, computers, computer files, software programs, and documents, which shall be available for inspection to the parties upon such terms and conditions as the Receiver may require or as this Court may direct. The Receiver is hereby authorized to employ agents, servants and employees, and to enter into contracts and take all actions as necessary for the purpose of taking possession of the assets and carrying out the terms of the Receivership and the Orders of this Court.

8.     Turnover:   All persons, corporations, or other entities now or hereafter in possession of the assets, or any part thereof, including, but not limited to, intangibles, bank accounts, operating statements, service agreements, management agreements, contracts, licenses, leases, and permits, revenues, and profits collected or derived from the business, papers, files, records, documents, monies, securities, choses-in-action, books of account, bank accounts, rents, accounts receivables, leases, permits, licenses, down payments, marketing plans and materials, servicing agreements, management agreements, or any and all other contracts, or any other items

entrusted to Receiver, shall forthwith and without further Order of this Court surrender such possession to the Receiver.

9.    Outside Professionals: The Receiver is specifically empowered, in his discretion, to hire and employ legal counsel with prior approval of the Court, accountants, investigators and consultants ("Outside Professionals"), to furnish legal, accounting and other advice to the Receiver for such purposes as may be reasonable and necessary during the period of receivership. The Receiver is authorized to pay from the Receivership estate's funds eighty (80%) percent of the ordinary and reasonable fees and one hundred (100%) percent of the costs of such Outside Professionals upon receipt of a bill from the Outside Professional. The remaining twenty (20%) percent of fees shall be withheld (the "Holdback") pending final application to the Court for approval for all fees and expenses of such Outside Professional, including such Holdbacks.

10.    Receiver's Fees: The Receiver shall be entitled to payment of fees from the Receivership estate for the Receivership services rendered by his office, which fees range from $95.00 to $325.00 per hour, plus out-of-pocket costs. The Receiver shall be entitled to payment of such fees from the Receivership estate without application to the Court. However, the Receiver shall nonetheless seek the Court's approval of fees paid upon final application of discharge of the Receivership. The Receiver shall be entitled to a $10,000.00 retainer to be initially funded from the Q Man Enterprises, LLC bank account located at Fifth Third Bank.

11.    Quarterly Report: The Receiver is directed to prepare a full and complete report, certified to be correct by the Receiver, setting forth all receipts and disbursements, cash flow, and activities of VALWORTH and its Subsidiaries and Affiliated Entities, and reporting all changes in the assets in his charge, or claims against the assets, that have occurred during the period covered by the report. The Receiver shall include in the report the status of any taxes, lien

claims or pending litigation. The report shall be filed by the twentieth (20th) day of the month following the reporting period. The Receiver shall serve notice of filing of the report on the attorneys of record for each of the parties herein and parties in interest. The notice of filing shall advise that the report is available upon request made to the Receiver. To the extent any portion of the report is deemed privileged, the Receiver is authorized to file his report and/or portions of his report under seal.

12.    Receiver's Certificates: The Receiver is hereby authorized to obtain Receiver's Certificates as is reasonably required and/or necessary to carry out and fulfill the Receiver's duties and obligations herein.

13.    Additional Funds: The balance of any funds beyond the monies deemed necessary for his operating account received by the Receiver shall be placed in an interest-bearing account or trust account.

14.    Notices: All written notices called for under this Order shall be effective upon hand delivery to counsel of record of the parties or to the parties, or twenty-four (24) hours after delivery to a private expedited delivery service, or forty-eight (48) hours after deposit into the mail, postage paid, addressed to counsel of record of the parties or to the parties.

15.    Reserve Right For Additional Powers: The Receiver may, at any time upon prior notice to all parties to this action, apply to this Court for further or other instructions or powers, whenever such instructions or additional powers shall be deemed necessary in order to enable him to perform properly and legally the duties of the office of Receiver and to maintain, operate, preserve and protect the Receivership's estate.

16.    Enforcement Directive: Any and all law enforcement authorities, including but limited to the Hillsborough County Sheriff's Office for said locations in Hillsborough County, the Broward County Sheriff's Office for said locations in Broward County, and the Citrus

County Sheriff's Office for said locations in Citrus County, are authorized to take any and all necessary steps to assist the Receiver in the securing of the assets, business offices, and contents of such business offices of VALWORTH and its Subsidiaries and Affiliated Entities located at 7702 Industrial Lane, Tampa, Hillsborough County, Florida 33637, and any and all other locations of VALWORTH and its Subsidiaries and Affiliated Entities.

17.   Meeting of Counsel/Parties:   The parties and their counsel are directed to meet within ten (10) days from the date of this Order to discuss settlement.

DONE AND ORDERED in Chambers, at Tampa, Hillsborough County, Florida, a 7:05 a.m./p.m. this 16 day of February, 2012.

The Honorable Herbert Baumann, Jr.
Circuit Judge

PD.6018257.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY on this ___ day of February, 2012, a true and correct copy of the above and foregoing Order Appointing Receiver has been furnished by U.S. Mail and Facsimile to:

Karl J. Brandes, Esquire
Phelps Dunbar
100 South Ashley Drive, Suite 1900
Tampa, Florida 33602-5311
Facsimile:  813-472-7570
Email:  Brandesk@phelps.com

Joseph A. Frein, Esquire
Joseph A. Frein, P.A.
108 Hillcrest Street
Orlando, Florida 32801
Facsimile:  407-649-7812
Email:  joefrein@bellsouth.net

Alan B. Taylor, Esquire
Alan B. Taylor & Associates, P.A.
4700 Millenia Boulevard, Suite 260
Orlando, Florida 32839
Facsimile:  407-650-2811
Email:  ataylororlando@gmail.com

Larry S. Hyman, CPA
Larry S. Hyman, C.P.A., P.A.
106 South Tampania Avenue, Suite 200
Tampa, Florida 33609
Facsimile:  813-875-2797
Email:  Larry@larryhymancpa.com

_____
Judicial Assistant/Attorney

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

VALWORTH ENTERPRISES, LLC, a
Florida limited liability company, and
STEVEN L. BRICKNER,

CASE NO. 12-CA-001245

     Plaintiff,

v.

EARNEST GRAHAM, JR.,

     Defendant.

_____/

EARNEST GRAHAM, JR.,

     Counter-Plaintiff,

vs.

STEVEN L. BRICKNER, VALWORTH
ENTERPRISES, LLC, a Florida limited
Liability company,

     Counter-Defendants.

_____/

## MOTION FOR AUTHORITY TO SELL ASSETS OF VALWORTH ENTERPRISES, LLC; NOTICE OF AUCTION, BID PROCEDURES AND HEARING ON ANY OBJECTIONS

     Larry S. Hyman, the Court appointed receiver ("Receiver"), by and through his undersigned attorney, hereby files his Motion for Authority to Sell Assets of Valworth Enterprises, LC; Notice of Auction, Bid Procedures and Hearing on Any Objections ("Motion"), and states the following in support of the Motion:

     1.     On February 16, 2012 this Court entered an Order Appointing Receiver appointing Larry S. Hyman as receiver of Valworth Enterprises, LLC ("Order Appointing Receiver").

# EXHIBIT B

2.    Receiver is attempting to obtain a purchaser for all or substantially all of the assets.

3.    Receiver has received a bid for the purchase of Valworth Enterprise, LLC's ("Valworth") Assets in the amount of $7,500.00 ("Purchase Price") from Earnest Graham ("Graham") and Carnell Williams ("Williams"). A description of the Assets which the Receiver seeks authorization to sell is attached hereto as Exhibit "A" and by reference incorporated herein.

## NOTICE OF AUCTION, SALE AND PROCEDURES FOR SAME

4.    For purposes of this Motion, the Receiver has selected the bid of Graham and Williams as the highest and best bid and will seek Court authority to authorize the sale through this Motion. The Receiver will not provide any warranties or representations and the sale is "As Is".

5.    **Although the Receiver has selected the bid of Graham and Williams, other parties may bid provided that the bid procedures set forth herein are followed.**

6.    The Receiver requests through this Motion, that in the event these bid procedures are complied with, that either the Court conduct an auction or that the Receiver be given the authority to conduct an auction on a date to be specifically set ("Auction Hearing") and noticed to all parties in interest and creditors. Once the highest bidder is selected the Receiver will request that the Court authorize the sale. The Receiver will further request that the Court authorize the Receiver to sell to the runner up bidder in the event the highest bidder is unable to close.

7.    Receiver has received a $2,500.00 refundable deposit from Graham and Williams and any other bids for the Assets will likewise require a $2,500.00 refundable deposit ("Deposit") paid in certified funds or via wire transfer to Morse & Gomez, P.A., Trust Account. The Deposit must be paid by any and all prospective bidders as a condition to bid at the Auction Hearing.

8.    The Deposit is refundable provided that a higher offer is accepted by the Court. Only in the event the purchaser fails to timely close will the deposit be non-refundable.

9.    The Deposit must be received by the undersigned by no later than 4:00 p.m. five (5)

business days prior to the Auction Hearing.

10.     For purposes of bidding at the Auction Hearing, the initial bid shall be 25% higher than the Purchase Price and then each successive bid thereafter must be in increments of $500.00. The Receiver shall be authorized to conduct the Auction Hearing if the Court authorizes same.

11.     The sale is "As Is" and the Receiver will provide the purchaser with the bill of sale. No representations and warranties will be given by the Receiver.

12.     The Receiver intends to "close" this transaction or sale immediately after the Court approves the sale or selects the highest bidder. The Receiver will require the remaining balance of the highest bid by the close of business of the next business day, or 5:00 P.M.

13.     Receiver shall deliver a bill of sale within three (3) business days after Morse & Gomez, P.A.'s receipt of the remaining balance via certified funds or wire transfer.

14.     Any objections to the this Motion must be filed and served with the Clerk of the Circuit Court at the Hillsborough County Courthouse, 800 E. Twiggs St., Tampa, Florida 33602 with a copy to the Receiver, Larry S. Hyman, PO Box 18614, Tampa, Florida 33679 and the Receiver's counsel, Alberto F. Gomez, Jr., Esquire, 119 S. Dakota Ave., Tampa, Florida 33602 by no later than five (5) business days prior to the hearing on this Motion.

15.     A hearing on any timely file objections, and authorization of the sale will be scheduled for **June 19, 2012 at 11:00 A.M.** The hearing will be held before the Honorable Herbert J. Bauman, Jr., at the Hillsborough County Courthouse, 800 East Twiggs St., Room 511, Tampa, Florida 33602.

WHEREFORE, Receiver respectfully requests the Court enter an Order Granting this Motion under the terms set forth above, along with such further relief as the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing MOTION FOR AUTHORITY TO SELL ASSETS OF VALWORTH ENTERPRISES.; NOTICE OF AUCTION, BID PROCEDURES AND HEARING ON ANY OBJECTIONS has been furnished, by U.S. Mail this 23rd day of May, 2012 to **Steven L. Brickner,** 6015 Audubon Manor Blvd., Lithia, FL 33547-5025; and **Stuart Jay Levine, Esq.,** Walters Levine Klingensmith & Thomison, PA, 601 Bayshore Blvd., Ste. 720, Tampa, FL 33606 and **Larry Hyman,** P O Box 18614, Tampa, FL 33679 *for service on all parties in interest (upon service to such parties in interest, a representative of the Receiver will file with the Court an affidavit of service).*

MORSE & GOMEZ, P.A.

ALBERTO E. GOMEZ, JR.
Florida Bar No. 784486
119 South Dakota Ave.
Tampa, FL 33606-1813
Telephone:  (813) 301-1000
Facsimile:  (813) 463-1807
Email: agomez@morsegomez.com
Counsel for Larry S. Hyman, Receiver

F:\Shared Office Files\Hyman\Valworth Enterprises\Pleadings\M- Authority to Sell 05-23-12.doc

# Exhibit "A"

The Receiver seeks authority to sell the following assets:

1. All assets of Sylvester Enterprises, Inc. d/b/a Great Florida Insurance.

2. All assets of Country Corner Café, LLC.

3. Any and all causes of action in the possession of Valworth Enterprises, LLC or its subsidiaries.

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY
CIVIL DIVISION

VALWORTH ENTERPRISES, LLC, a
Florida limited liability company, and            CASE NO. 12-CA-001245
STEVEN L. BRICKNER,

      Plaintiff,

v.

EARNEST GRAHAM, JR.,

      Defendant.
_____/

EARNEST GRAHAM, JR.,

      Counter-Plaintiff,
vs.

STEVEN L. BRICKNER, VALWORTH
ENTERPRISES, LLC, a Florida limited
Liability company,

      Counter-Defendants.
_____/

### ORDER GRANTING MOTION FOR AUTHORITY TO SELL ASSETS OF VALWORTH ENTERPRISES, LLC; NOTICE OF AUCTION, BID PROCEDURES

      THIS CAUSE came on for hearing on June 19, 2012 upon Receiver's Motion for Authority to Sell Assets of Valworth Enterprises, LLC, Notice of Auction and Bid Procedures (the "Sale Motion"). At the hearing Alberto F. Gomez, Jr. appeared on behalf of Larry S. Hyman, Receiver; Stuart Levine appeared on behalf of Earnest Graham, Jr. and Carnell Williams; and Patrick Singer appeared on behalf of Steven L. Brickner, who objected to the sale of the assets as it related to Country Corner Café, LLC.

      The Court finds that there is an action pending in the Seventeenth Judicial Circuit in and for

# EXHIBIT C

Broward County Florida titled, <u>Michael Silvester vs. Valworth Enterprises, LLC; Marla Silvester,</u>

<u>Steven L. Brickner, Ernest Graham, Jr., Valiant Insurance Group, LLC and Scott Arnold</u>, Case No.

CACE-12-1601 ("Broward County Case"). The Recceivership Order has been served on all parties in

connection with the Broward County Case and no objections to the Sale Motion were filed.

The Court, after reviewing the record, including the Sale Motion, after determining that

adequate notice of the hearing on the Sale Motion was given to parties in interest and noting that

there were no objections to the Sale Motion were filed, and after being otherwise fully advised,

determines that the Sale Motion should be granted, accordingly it is:

ORDERED, ADJUDGED and DECREED that:

1.      The Sale Motion is hereby granted.

2.      Steven L. Brickner's Objection to the Sale Motion is hereby overruled.

3.      The sale procedures detailed in the Sale Motion are approved.

4.      The Court finds that Valworth Enterprises, LLC ("Valworth") is the legal owner of

the assets that are being sold.

5.      The Receiver is hereby authorized and directed to take such actions as are necessary

to complete the sale of the following assets of Valworth:

        a.      All assets of Sylvester Enterprises, Inc. d/b/a Great Florida Insurance.
        b.      All assets of Country Corner Café, LLC.
        c.      Any and all causes of action in the possession of Valworth Enterprises, LLC
           or its subsidiaries.

6.      The Court finds the highest bidder of the assets identified in the Sale Motion to be

Earnest Graham ("Graham") and Carnell Williams ("Williams") (collectively the "Purchaser"), that

the Purchaser is a good faith purchaser for value, and that the Receiver is authorized to sell such

assets more specifically described in the Sale Motion to Purchaser.

SCANNED JUL 10 2012

7.  The sale is free and clear of liens, claims, and encumbrances.  Purchaser therefore acquires the assets free and clear of any liens, claims or encumbrances since creditors' remedy will be to file a claim with the Receiver.

8.  This Court shall retain jurisdiction to enforce the terms of this Order and the Sale Motion.

DONE AND ORDERED in Tampa, Florida on _____ June 28, 2012 _____.

_____
Herbert J. Bauman, Jr.
Circuit Court Judge

Conformed copies to:
**Alberto F. Gomez, Jr.**, 119 S. Dakota Ave., Tampa, FL 33606;
**Stuart Jay Levine, Esq.**, 601 Bayshore Blvd., Ste. 720, Tampa, FL 33606;
**Patrick M Singer, Esq.**, 5813 S. MacDill Ave., Tampa, FL 33611;
**Michael Silvester**, 777 Harbor Isles Place, N. Palm Beach, FL 33410
**Keith D. Diamond, Esq.**, 2645 Executive Park Dr., Suite 107, Westin, FL 33331 and
**Larry Hyman**, Receiver, for service on all parties in interest.